**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————————
**GEORGINA CORRAL**                              :
                                    Plaintiff,   :        Civ. No. 12-cv-02375 (DRD)
                                                 :
                                                 :                **O P I N I O N**
v.                                               :
                                                 :
**HERSHA HOSPITALITY MANAGEMENT,**               :
**INC;** *et al.*                                :
                                                 :
                                    Defendant.   :
—————————————————————————   :

TOBIN, REITMAN, GREENSTEIN,
CARUSO, WEINER, KONRAY & KESSLER, P.C.
Andrew J. Clark, Esq.
1743 St. Georges Avenue
Rahway, NJ 07065

    *Attorney for Plaintiff,*

BARLEY SNYDER LLP
Jill S. Welch, Esq.
126 E. King Street
Lancaster, PA 17602

    *Attorney for Defendants.*

**DEBEVOISE, Senior District Judge**

This case arises out of the alleged unlawful discrimination and interference by an

employer following an employee's notification of pregnancy leave.   Plaintiff Georgina Corral

asserts claims against her former employer, Hersha Hospitality Management, Inc. ("HHM"), of

gender discrimination, pregnancy discrimination and interference with applicable leave laws,

including violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §

2601, et seq. (the "FMLA"); Title VII and/or the Pregnancy Discrimination Act; and the New

York City Human Rights Law, Administrative Code of the City of New York § 8-107

("NYCHRL").

 Currently before the Court is a motion to dismiss count one of the Amended Complaint,

regarding the protection of a non-eligible employee seeking pregnancy leave that would

commence after she gains eligibility under the FMLA.  For the reasons set forth below, the

motion to dismiss count one is DENIED.

## I.  BACKGROUND

 For the purposes of this motion, the Court accepts the factual allegations in the complaint

as true and draws all reasonable inferences in favor of the plaintiff.  See Morse v. Lower Merion

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

 Ms. Corral was employed by HHM as a Regional Executive Housekeeper in certain of its

managed hotels in New York City, under the supervision of Defendants Foiz Ahmed and Joseph

Del Guidice.  HHM is a business that provides hotel management services for companies

including Marriot, Starwood, Hilton and InterContinental. HHM maintains corporate offices in

Philadelphia, PA and Harrisburg, PA, and manages properties throughout the east coast.  At all

times relevant to this litigation, Mr. Ahmed served as HHM's Regional Vice-President of

Operations, and Mr. Del Guidice served as HHM's Area General Manager in the state of New

York.  The Complaint also implicates unnamed persons, John or Jane Does 1-5, as supervisors of

HHM or of unnamed entities ABC Corporations 1-5 doing business with HHM.

 Ms. Corral began her employment in or about October 2008.  Ms. Corral was employed

at the Hilton Garden Inn (Tribeca) in New York, NY, when her employment was taken over by

HHM on May 1, 2009.[1]  Ms. Corral was fully qualified for her position, and performed her duties in a manner exceeding the reasonable expectations of her employer.

On or about July 13, 2009, Ms. Corral informed Mr. Ahmed that she was pregnant.  Mr. Ahmed asked her of her plans regarding the continuation of her employment and whether she would be leaving work to have the child.  That day, Ms. Corral informed both Mr. Ahmed and Mr. Del Guidice that she intended to take leave to deliver her baby in approximately six months, in January of 2010, and that she would return to work following the birth of her child.

On or about July 29, 2009, Mr. Del Guidice informed Ms. Corral that she should consider quitting her position or accept a lower position because of her pregnancy.

On or about August 4, 2009, Mr. Ahmed terminated Ms. Corral's employment.  The same day, Mr. Ahmed alleged for the first time that Ms. Corral was providing "poor performance" to HHM.  (Am. Compl. ¶ 54.)  However, Ms. Corral's work was subject to quality assurance inspections by third parties during the same period.  All applicable quality assurance inspections indicated that her job performance met the objective expectations of her employer.  Ms. Corral alleges that Mr. Ahmed's allegation is pretextual, as is any alleged basis for her termination.  Upon information and belief, Ms. Corral submits that HHM also terminated the

---

[1]      Ms. Corral contends that HHM is deemed a "successor in interest" within the meaning of the FMLA because there was a "substantial continuity of the same business operations" when HHM took over the management of the worksite; continued use of the "same plant"; "continuity of work force"; "similarity of jobs and working conditions"; "similarity in machinery, equipment, and production methods"; and "similarity of products or services".  26 C.F.S. §825.107(a) (2), –(a) (3), –(a) (4), –(a) (6).  For purposes of this motion, Defendants accept as true Ms. Corral's allegation that HHM is a successor in interest, and consider the entire period that Ms. Corral worked for HHM and its predecessor.  (MTD Br. at 5, n. 3; MTD Reply Br. at 2, n. 2.)

employment of a pregnant co-worker who worked at the Hilton Garden Inn, Tribeca, after the co-worker was told that, "pregnancy is not an illness." (Am. Compl. ¶ 58.)

Ms. Corral alleges that "[f]rom and after the time she informed Defendants of her pending pregnancy and her intent take leave, she was subject to acts of harassment and retaliation from Defendants, up to and including the termination of her employment." (Am. Compl. ¶ 81.) Ms. Corral further alleges that but for her termination, she would have qualified for unpaid leave at the time of the birth of her child pursuant to the FMLA.

Ms. Corral filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for pregnancy discrimination and retaliation. The EEOC determined that Ms. Corral was a victim of, "employment discrimination based upon sex (pregnancy)" by HHM. The EEOC determined that HHM's articulated defense did not withstand scrutiny, and referred the matter for conciliation. However, HHM refused conciliation. On May 12, 2012, the EEOC issued a Notice of Right to Sue (Conciliation Failure). (Am. Compl., Ex. A.)

Ms. Corral filed an Amended Complaint on May 22, 2012,[2] alleging: violations of FMLA for illegal interference with the exercise of her rights under the FMLA, within the meaning of 29 USC § 2615(a), and unlawful willful conduct, within the meaning of 29 U.S.C. § 2617(c)(2) (count one); intentional discrimination and discriminatory impact discrimination in violation of the New York City Human Rights Law, Administrative Code of the City of New York, § 8-107, et seq. ("NYCHRL") (counts two and three); pregnancy discrimination in

---

[2]     The original complaint was filed on April 20, 2012, and amended to include those charges filed with the EEOC on May 21, 2012, within ninety (90) days of the receipt of the EEOC Notice.

violation of NYCHRL (count four); and violations of Title VII and/or the Pregnancy

Discrimination Act due to hostile work environment (count five), wrongful termination (count

six), and retaliation (count seven).

Ms. Corral requests full compensation for front pay, back pay, benefits and remuneration

with interest, compensatory and consequential damages, punitive damages, liquidated damages

pursuant to the FMLA, attorney's fees and costs, and various court orders to protect her

reputation and future employment opportunities.

On September 17, 2012, the Court dismissed Mr. Ahmed for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b) (2). The motion to dismiss considered below

contests Ms. Corral's coverage and entitlement to benefits under the FMLA. Defendants do not

argue that the pleading of the FMLA claim was deficient in any other respect. An Answer to the

Amended Complaint was filed on July 2, 2012. Oral argument on the motion was heard on

September 17, 2012.

## II.  DISCUSSION

### A.  Standard of Review

A motion to dismiss is reviewed pursuant to Federal Rule of Civil Procedure 12(b) (6),

which provides for dismissal of a claim for failure to state a claim upon which relief can be

granted. When considering a Rule 12(b) (6) motion, the Court must accept the factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court's inquiry,

however, "is not whether the plaintiffs will ultimately prevail in a trial on the merits, but whether

they should be afforded an opportunity to offer evidence in support of their claims." In re

Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b) (6) standard in two cases:  Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Twombly held that "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." 550 U.S. at 545, 570.  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  Iqbal, 566 U.S. at 678.  See also Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation."). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (internal citations omitted).

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 566 U.S. at 678.  Thus, the Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

6

a cause of action will not do." Id. at 555 (internal citations omitted).  Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.

**B.   Analysis**

The narrow issue presented is whether the FMLA protects a non-eligible employee who requests leave that would commence after she gains eligibility under the Act.[3,4]  The delineation of eligibility and entitlement to rights, and attempts to exercise such rights, under the FMLA are at issue here.

The FMLA was enacted in 1993 "to balance the demands of the workplace with the needs of families," 29 U.S.C. § 2601(b) (1), and "entitle[s] employees to take reasonable leave" for birth, 29 U.S.C. § 2601(b) (2).  The Act seeks to accomplish these purposes "in a manner that accommodates the legitimate interests of employers," 29 U.S.C. § 2601(b) (3), and in a manner that "minimizes the potential for employment discrimination on the basis of sex by ensuring

---

[3]      The question is not considered in this Circuit as a matter of first impression.  Indeed, it has been held in the affirmative by the Eastern District of Pennsylvania.  See Beffert v. Pennsylvania Dept. of Public Welfare, et al., 2005 U.S. Dist. LEXIS 6681 (Apr. 18, 2005, E.D. Pa) (holding that the FMLA protects plaintiff's pre-eligibility request for post-eligibility pregnancy leave).

[4]      Somewhat related is the contours of FMLA interference and retaliation claims, recently traversed by the Third Circuit Court of Appeals in a precedential opinion.  See Lichtenstein v. Univ. of Pittsburgh Medical Center, et al., No. 11-3419, 2012 U.S. Dist. LEXIS 16132 (3d Cir. Aug. 3, 2012).  While Lichtenstein does not address the narrow issue before the Court today, it provides a cogent review of a FMLA-based claim.

generally that leave is available for eligible medical reasons (including maternity related disability) and for compelling family reasons, on a gender-neutral basis," 29 U.S.C.S. § 2501(b) (4).  The purpose of the Act is "to promote the goal of equal employment opportunity for women and men, pursuant to such clause."  29 U.S.C.S. § 2601(b) (5).

The FMLA entitles an "eligible employee" to take up to 12 work weeks of unpaid leave in a 12-month period for the birth of a child and to care for such child. See 29 U.S.C.S. §§ 2612(a) (1) (A), – 2612(c).  Following qualified leave, an "eligible employee" is entitled to restoration to the position of employment held when the leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.  See 29 U.S.C.S § 2614(a) (1).

An employee is eligible for FMLA protection if she has been employed: (1) by the employer for at least 12 months; (2) for at least 1,250 hours of service during the 12-month period immediately preceding the leave; and (3) at a work site where 50 or more employees are employed within 75 miles of the work site.  29 U.S.C.S. § 2611(2) (A); 29 C.F.R. § 825.110(a). Regulations promulgated by the United States Department of Labor to implement the FMLA further inform that the determination of whether the employee has worked for a sufficient time to be deemed eligible "must be made as of the date the leave commences." 29 C.F.R. § 825.110(d).

The FMLA's notification section considers a scenario in which an "employee" requests leave on a foreseeable future date:  "[T]he employee shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave . . ." 29 U.S.C.S. § 2612(e).

The FMLA prohibits two types of employer acts which interfere with rights – one related to the exercise or attempt to exercise rights, 29 U.S.C.S. § 2615(a)(1); and the other related to

8

retaliation, 29 U.S.C.S. § 2615(a)(2). Neither prohibition specifies application to "eligible employees." The statute provides coverage for an attempt to exercise a right provided under the statute:

> (a)  Interference with rights.
>
> > (1)  Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title [29 U.S.C.S 2611 et seq.].
> >
> > (2)  Discrimination. It shall be unlawful for an employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title [29 U.S.C.S. 2611 et seq.].
>
> 29 U.S.C.S. § 2615 (a).

"The former provision is generally, if imperfectly, referred to as 'interference,' whereas the latter is often referred to as 'retaliation.'" Lichtenstein, at *15 (citing Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005)).

The Department of Labor interprets these two provisions as providing "[p]rotection for employees who request leave or otherwise assert FMLA rights." 29 C.F.R. § 825.220. With respect to the relevant section of the statute, the regulation further informs that:

> (a)  The FMLA prohibits interference with an employee's rights under the law[] . . . More specifically, the law contains the following employee protections:
>
> > (1)  An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.
> >
> > (2)  An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an

employee) for opposing or complaining about any unlawful
practice under the Act.

[ . . . ]

(b) Any violations of the Act or of these regulations constitute
interfering with, restraining, or denying the exercise of rights
provided by the Act. . . .

(c) The Act's prohibition against "interference" prohibits an
employer from discriminating or retaliating against an
employee or prospective employee for having exercised or
attempted to exercise FMLA rights.[5]  For example, if an
employee on leave without pay would otherwise be entitled to
full benefits (other than health benefits), the same benefits
would be required to be provided to an employee on unpaid
FMLA leave.  By the same token, employers cannot use the
taking of FMLA leave as a negative factor in employment
actions, such as hiring, promotions, or disciplinary actions; nor
can FMLA leave be counted under "no fault" attendance
policies.  See § 825.215.

[ . . . ]

29 C.F.R. § 825.220.

---

[5]      In 2008, "the Department of Labor . . . amended the first sentence of 29 CFR 825.220(c)
to include, inter alia, the words 'interference' and 'retaliating.'" Lichtenstein, at *16, n. 10.  As
explained in the Federal Register:

The Department proposed and has adopted new language in §
825.220 setting forth the remedies for interfering with an
employee's FMLA rights, such as referencing retaliation.  The
Department also proposed and has adopted a change to §
825.220(c) to clarify that the prohibition against interference
includes a prohibition against retaliation as well as prohibition
against discrimination.  These clarifications will have no impact on
employers or workers.

73 C.F.R. § 67934, 68055 (2008).

The FMLA's entitlement for restoration of position is not without limitation.  The FMLA "does not provide employees with a right against termination for a reason other than interference with rights under the FMLA."  Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 403 (3d Cir. 2007); accord Ballato v. Comcast Corp., 676 F.3d 768, 771 (8th Cir. 2012).  An "eligible employee" is not entitled to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would not have been entitled had the employee not taken the leave."  29 U.S.C.S. § 2614(a) (3) (B).

Last, the FMLA provides a relatively broad right of action "by any one or more employees for and in behalf of [ ] the employees; or the employees and other employees similarly situated." 29 U.S.C.S. § 2617(a) (2).  This section also ascribes liability "to any eligible employee affected." 29 U.S.C.S. § 2617(a) (1).

> (a)  Civil action by employees.
>
> > (1)  Liability. Any employer who violates section 105 [29 USCS § 2615] shall be liable to any eligible employee affected –
> >
> > > (A)  for damages equal to –
> > >
> > > > (i)   the amount of –
> > > >
> > > > > (I)   any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
> > > > >
> > > > > (II)  in the case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12

11

weeks . . . of wages or salary for the employee;

(ii)  the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii)   an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 105 [29 USCS § 2615] proves to the satisfaction of the court that the act or omission which violations section 105 [29 USCS § 2615] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 105 [29 USCS § 2615], such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii) respectively; and

(B)  for such equitable relief as may be appropriate, including employment, reinstatement, and promotion

(2) Right of Action.  An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of –

(A)  the employees; or

(B)  the employees and other employees similarly situated.

[ . . . ]

29  U.S.C.S. § 2617.

A successful FMLA claim must allege that a plaintiff:  (1) engaged in a statutorily protected activity; (2) suffered an adverse employment decision; and that (3) the decision was causally related to the protected activity.  See 29 U.S.C. § 2615(a)(1); Erdman v. Nationwide Ins.

12

Co., 582 F.3d 500, 509 (3d Cir. 2009) (citing Conoshenti v. Public Service Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004)).

Having set forth the relevant statutory and regulatory framework, we now turn to the arguments in this case.  The thrust of Defendants' argument is that the FMLA claim should be dismissed for failure to state a claim for which relief can be granted, because Ms. Corral was not an "eligible employee" when she requested leave or when she was terminated, and therefore was not entitled to rights protected under the Act.

In turn, Ms. Corral alleges that Defendants' acts of retaliation, up to and including her termination of employment, constituted illegal interference with her exercise of her FMLA-protected rights, including interference with those rights which would have vested absent her termination.  Ms. Corral further alleges that Defendants' conduct is willful within the meaning of the FMLA, because Defendants knew or acted with reckless disregard to their alleged illegal conduct.

Ms. Corral admits that she was only employed by HHM and its predecessor for approximately ten months when she notified her employer of her intent to take leave approximately six months later.  Ms. Corral requested leave that would begin after the twelve-month eligibility requirement prescribed by FMLA.   Approximately two weeks following her notification, Defendants suggested that she should consider quitting or taking a lower position due to her pregnancy, and alleged for the first time that she performed poorly, despite third-party quality assurance inspections indicating otherwise.  Ultimately, less than one month after notification, and approximately two months before she would have achieved eligibility, Ms. Corral was terminated.

Defendants contend that deeming an employee eligible simply by informing the employer of the intention to use FMLA at a future time when the employee may have satisfied the eligibility requirements would lead to absurd results. Specifically, Defendants predict that an employer would then be liable for FMLA interference if a newly-hired employee were to be terminated at any point prior to the employee's first anniversary. (Defs.' MTD Br. at 6.)

Indeed, Defendants raise arguments similar to those considered in Beffert v. Pennsylvania Dept. of Public Welfare, et al., 2005 U.S. Dist. LEXIS 6681 (Apr. 18, 2005, E.D. Pa). Therein, an employee notified her employer that she was pregnant approximately five months after she began employment, although she was not expected to deliver her baby until after she gained eligibility under the FMLA. The Eastern District of Pennsylvania declined to dismiss the FMLA claim for failure to state a claim, concluding that the FMLA protects a non-eligible employee who requested leave that would commence after she gains eligibility.

Beffert examined the reference to "employee" rather than "eligible employee" in Section 2612(e), supra at 8, regarding the notice requirement to give leave:

> This reference to "employee" rather than "eligible employee" is a recognition that some employees will and should give notice of future leave before they have been on the job for twelve months. Since the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees. See 29 U.S.C. § 2615(a). Otherwise, the advance notice requirement under 29 U.S.C. § 2612(e) becomes a trap for newer employees who comply with this provision of the FMLA and affords a significant exemption from liability for employers. We do not think Congress intended this anomalous result.
>
> Id. at *9-10.

Accordingly, the Eastern District of Pennsylvania concluded that "an employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced." Id.

Similarly, the Eleventh Circuit Court of Appeals recently resolved that "[w]ithout protecting against pre-eligibility interference, a loophole is created whereby an employer has total freedom to terminate an employee before she can ever become eligible.  Such a situation is contrary to the basic concept of the FMLA." Pereda v. Brookdale Senior Living Cmtys., Inc., 666 F.3d 1269, 1273 (11th Cir. 2012).  The federal appeals court reasoned that "'[i]t would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation, or interference, for which they have no remedy.'" Id. at 1274 (quoting Reynolds v. Inter-Indus. Conf. On Auto Collision Repair, 594 F. Supp. 2d 925, 928 (N.D. Ill. 2009)).

Defendants argue that the cases which find pre-eligibility protection "rest on tortured logic that ignores and contravenes the FMLA's text."  (MTD Br. at 8.)  Instead, Defendants urge the Court to consider the reasoning in an earlier case arising out of the District of Oregon, which dismissed a FMLA retaliation claim brought by a pregnant employee who was terminated after notifying her employer of need for leave before the one year anniversary.  See Stewart v. Intem, Inc., Civ. No. 00-314-HA, 2000 U.S. Dist. LEXIS 12980 at *15 (D. Ore. June 19, 2000). Therein, the court reasoned that "to allow [otherwise] would impermissibly expand the class of protected employees beyond what Congress intended in acting the FMLA.  Congress imposed clear statutory prerequisites for bringing an FMLA claim.  It did not provide for waiver of these

minimum eligibility requirements under any circumstances, and courts have rejected attempts to expand the class of employees eligible for relief under FMLA." Id. at *15 – 16.

Defendants contend that the FMLA only provides rights to an "eligible employee" pursuant to: 29 U.S.C. § 2612(a) (1) (an "eligible employees" is entitled to unpaid leave); 29 U.S.C. § 2614(a) (1) (an "eligible employee" is entitled to restoration of employment and benefits); 29 U.S.C. § 2617(a) (1) (an employer is liable to any "eligible employee"). Therefore, Defendants argue that 29 U.S.C.S. § 2615(a), which prohibits interference with rights or the attempt to exercise them, should be interpreted to apply only to eligible employees.

In attempt to narrow the rights protected under the FMLA and ensure a consistent interpretation, Defendants submit that Section 825.220(c) of the Code of Federal Regulations, supra at 10, which "prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights[,]" only applies to individuals who are both "eligible employees" and "prospective employees." (MTD Reply Br. at 10.) Defendants speculate that such a construction would apply should an employer refuse to hire an applicant who took a FMLA-qualified leave with a previous employer. In such an instance, Defendants argue that the employee would be both an eligible and a prospective employee, and therefore would be protected by the Act. This interpretation would prevail should the Court accept that the only rights protected under FMLA are those which are attempted or exercised once the employee is deemed qualified.

Further, Defendants contend that to the extent that they are wrong, and the regulation extends 29 U.S.C. § 2615(a)(1)'s prohibition against FMLA retaliation to those who do not satisfy the definition of "eligible employee," then the regulation should be struck down as an

invalid exercise of the Department of Labor's rule-making authority as an improper expansion of scope.  (Defs.' Reply Br. at 11.)

       In support of this request to strike the regulation, Defendants reference a Third Circuit Court of Appeals case which agreed with other federal courts in finding that a different regulation related to the FMLA, 29 C.F.R. 825.110(d), "is invalid to the extent that it expands the scope of employees who are covered by the FMLA by giving otherwise non-eligible employees a cause of action for an employer's failure to respond to an application for FMLA leave."  <u>See</u> <u>Sinacole v. Igate Capital</u>, 2008 U.S. App. LEXIS 16828, **5 (3d Cir. May 21, 2008) (<u>citing</u> <u>Dormeyr v. Comerica Bank</u>, 223 F.3d 579, 582 (7th Cir. 2000); <u>Brungart v. Bellsouth</u>, 231 F.3d 791 (11th Cir. 2000); <u>Woodford v. Community Action of Greene County, 268 F.3d 51 (2d Cir. 2001))</u>.

       In <u>Sinacole</u>, the regulation in question expanded eligibility to employees who had not yet satisfied the 1250 minimum hours requirement when they submitted a FMLA request, should an employer fail to advise the employee whether she would satisfy the requirement prior to the date the requested leave was to commence.  <u>Id.</u>  The Third Circuit Court of Appeals concluded that because the employee could not produce evidence that she would be eligible for FMLA benefits once her leave were to commence, by satisfaction of the minimum hours requirement, the District Court did not err in dismissing her FMLA interference claim.  <u>Id.</u> at **9.  The issue in <u>Sinacole</u> is different than the matter before the Court today regarding protection for notification of future leave which would commence after the eligibility requirement is met.

       The Eleventh Circuit Court of Appeals adequately addresses Defendants' remaining concerns:

> An employee has to be both eligible and entitled to FMLA leave
> on the day her FMLA leave is to commence. . . . [T]hese
> requirements do not open the door for pre-eligibility interference
> with FMLA rights. . . . [T]he Court's holding [] does not expand
> FMLA coverage to a new class of employees.  We are simply
> holding that a pre-eligible employee has a cause of action if an
> employer terminates her in order to avoid having to accommodate
> that employee with rightful FMLA leave rights once that employee
> becomes eligible.
>
> Pereda, 666 F.3d  at 1275.

Defendants caution that such a reading would render FMLA's eligibility limitations meaningless because an employer would be automatically liable for terminating new hires that state their intention to take a future FMLA leave.  (Defs' Br. at 6.)  Defendants caution that "since an FMLA interference claim does not require proof of intent to discriminate, the employer would be automatically liable for such a result, even though the employee never actually worked the required length of time or number of hours to achieve FMLA eligibility. . . . Such a result would render the FMLA's eligibility limitations meaningless."  (Id.)

However, Defendants' concern is exaggerated, since employers remain free to terminate employees for reasons unrelated to the notification to take FMLA leave. See 29 U.S.C.A. § 2614(a)(3)(B), supra at 10-11.  See also Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 403 (3d Cir. 2007) (The statute "does not provide employees with a right against termination for a reason other than interference with rights under the FMLA."); Moorer v. Baptist Memorial Health Care Sys., 398 F.3d 469, 488 (6th Cir. 2005) ("An employee lawfully may be dismissed preventing him from exercising his statutory rights to FMLA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of a FMLA leave."); Yandrisevitz v. H.T. Lyons, Inc., No. 08-1444, 2009 U.S. Dist. LEXIS 63735, at *9

18

(E.D. Pa. July 22, 2009) (If an employee is discharged during leave or at the end of leave, for a reason unrelated to the leave, there is no right to reinstatement).

Moreover, Defendants' construction of the statute is inconsistent with its purpose to balance the demands of the workplace with the needs of the family.  See 29 U.S.C. § 2601(b) (1), supra at 7-8.  Indeed, the notification requirement benefits an employer so that he or she can prepare accordingly for the employee's leave.  An employer has no "legitimate interest[]" in being able to terminate a ten-month employee for simply requesting foreseeable leave for which she is eligible, when the employer would be clearly prohibited from making that same decision one or two months later.  See 29 U.S.C. § 2601(b) (3).  See also Reynolds v. Inter-Industry Conf. on Auto Collision Repair, 594 F. Supp. 2d 925, 931 (N.D. Ill. 2009) (Under the FMLA, an employer may not terminate an employee who has worked for eleven months for requesting foreseeable future leave that employee will be eligible and entitled to at time leave is to begin).

Further, a finding that non-eligible employees are not protected by the statute for requested leave effective once they gain eligibility, when the statute itself mandates a minimum of thirty days' notification, would lead to an inconsistent result where both the employer and the employee must submit to gamesmanship.  Specifically in the pregnancy context, unfavorable results could emerge, where an employee's pregnancy may begin to show, but she has yet to submit notification of future eligible leave for fear that the right, or an attempt to exercise the right, may not be protected before eligibility is secured.[6]

---

[6]     This finding is distinct from the situation in which the requested leave predates the grant of eligibility.  See, e.g., Walker v. Elmore County Bd of Educ., 379 F.3d 1249, 2004 U.S. App. LEXIS 16135 (11th Cir. Aug. 5, 2004) (summary judgment was properly granted in favor of several former employers in a FMLA case because an ineligible employee's request for maternity leave beginning prior to the 12 months of service was not protected under the FMLA).

Thus, the Court holds that pursuant to the FMLA, pre-eligible employees are entitled to covered rights and attempts to exercise such rights, including the right to foreseeable future leave once eligibility is gained.

This holding is in conformity with other courts having considered the issue.  See, e.g., Pereda, supra, at 13-14, 16; Beffert, supra, at 13; Gleaton v. Monumental Life Ins. Co., 710 F. Supp. 2d, 628 – 29 (D.S.C. 2010) (holding that a pre-eligible employee may bring a FMLA retaliation claim if requested leave would commence once eligibility is gained); Reynolds, supra at 10; Potts v. Franklin Elec. Co., 2006 WL 2474963 (E.D. Okla. 2006) ("If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)."). See also Skrjanc v. Great Lakes Power Service Co., 272 F.3d 309, 314 (6th Cir. 2001) (finding in dicta that the right to take FMLA leave includes the right to declare an intention to take future leave).

### III.  CONCLUSION

Ms. Corral has made a plausible showing of interference with her rights protected under the FMLA, 29 U.S.C.S. § 2615(a)(1).  Therefore, Defendants' motion to dismiss her FMLA claim must be DENIED.  The burden now shifts to the Defendants to prove there was a reason unrelated to the employee's exercise of her FMLA rights for terminating her.  See Lichtenstein slip op. at 39 (quoting Ballato v. Comcast Corp., 676 F.3d 768, 772 (8th Cir. 2012); Michniewicz v. Metasource, LLC, 756 F.Supp. 2d 657, 666 (E.D. Pa. 2010)).  Whether Ms. Corral will prevail on the merits will be determined by the trier of fact.  An Order will be submitted in accordance with this Opinion.

/s/ Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE, U.S.S.D.J.**

Dated:  September 24, 2012